Nos. 20-17363, 20-17364, 21-15193, 21-15194

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DAVID WIT, et al.,

*Plaintiffs-Appellees,*

v.

UNITED BEHAVIORAL HEALTH,

*Defendant-Appellant.*

GARY ALEXANDER, et al.,

*Plaintiffs-Appellees,*

v.

UNITED BEHAVIORAL HEALTH,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of California
Nos. 3:14-cv-2346, 3:14-cv-5337 | Hon. Joseph C. Spero

**DEFENDANT-APPELLANT'S RESPONSE TO PLAINTIFFS-APPELLEES' MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

Jennifer S. Romano
Andrew Holmer
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
(213) 622-4750

April N. Ross
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 624-2500

Miguel A. Estrada
 *Counsel of Record*
Geoffrey M. Sigler
Lucas C. Townsend
Matthew S. Rozen
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
MEstrada@gibsondunn.com

*Attorneys for Defendant-Appellant United Behavioral Health*

**RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY**

United Behavioral Health ("UBH") files this response to Plaintiffs' motion for leave to file a reply in support of their petition for panel rehearing and rehearing en banc (Dkt. 147, "Mot."). The applicable rules of procedure do not provide for a reply brief, and Plaintiffs have identified no reason for an exception here. The motion should therefore be denied.

1. Plaintiffs' petition seeks review of the panel's ruling that the terms of Plaintiffs' health benefit plans do not require UBH to follow generally accepted standards of medical care in promulgating guidelines for determining whether mental health and substance use treatment is covered by those plans. Dkt. 128 ("Pet."), at 15-16. As UBH has explained, Plaintiffs forfeited rehearing on that issue by failing to cite any authority or evidence, and instead merely incorporating the arguments from their first rehearing petition by reference. Dkt. 146 ("Opp."), at 4-5. And in any event, rehearing is not warranted for the same reasons as before: The panel's interpretation of UBH's particular plans does not conflict with any court of appeals or Supreme Court decision, will not control the interpretation of other health plans, and is correct. Opp. 5-7.

Plaintiffs also ask the Court to reconsider its holdings that a reprocessing remedy is not available here and that Plaintiffs were required to satisfy their plans' contractual exhaustion requirements before suing. Pet. 5-14. As UBH has explained,

1

the panel's plan-interpretation holding renders these issues largely academic because they affect only 1% of the disputed coverage denials, and in any event the panel's holdings on reprocessing and exhaustion implicate no circuit conflicts, will not impact other ERISA cases, and are correct. Opp. 3-4, 8-18.

2. Plaintiffs' proposed reply brief (Dkt. 148, "Reply") largely just rehashes these arguments. But Plaintiffs' bare desire to have the last word is not a basis to allow a reply brief.

Neither the Federal Rules of Appellate Procedure nor this Court's rules contemplate the filing of a reply brief in support of a rehearing petition. The rules do not even permit a response to a rehearing petition unless the Court orders otherwise. Fed. R. App. P. 35(e), 40(a)(3). Plaintiffs offer no basis to depart from the normal course.

Plaintiffs and their *amici* have already filed 21,992 words regarding the second rehearing petition, and they do not need yet another brief to rehash their discredited arguments.

3. Plaintiffs' proposed reply would not "assist the Court's review." Mot. 1. Instead of responding to UBH's arguments, the proposed reply badly distorts those arguments and the applicable law, mischaracterizes the panel's rulings, and makes new arguments not made in Plaintiffs' petition (that are incorrect in any event).

a. Plaintiffs' reply brief would not aid the Court because it mainly addresses

a strawman position that no one here has ever endorsed. UBH has never argued—and the panel did not hold—that "remand for reprocessing is unavailable as a matter of law in class cases." Reply 2. Instead, UBH has argued—and the panel agreed—that Plaintiffs cannot use the class-action device to sidestep the individualized issues that would preclude reprocessing in an individual case. Opp. 8-13; Dkt. 125 ("Op."), at 24-25.

Indeed, UBH expressly acknowledged that this Court has previously approved reprocessing in a class-action case that involved no individualized issues. Opp. 13 (citing *Vizcaino v. Microsoft Corp.*, 120 F.3d 1006, 1009, 1013 (9th Cir. 1997) (en banc)). The panel, too, cited *Vizcaino* in its analysis of the reprocessing issue. Op. 24. That citation alone—which Plaintiffs wholly ignore—makes clear that the panel did not purport to make reprocessing categorically unavailable in class-action ERISA cases.

    b. Plaintiffs also use their proposed reply to raise arguments not made in their petition, and that are incorrect in any event. For example, Plaintiffs now claim to have cited cases in which the court applied futility to contractual, plan-imposed exhaustion requirements (as opposed to prudential, judge-made ones). Reply 3 (citing Dkt. 50-1 (Pls. Merits Br.), at 65, and *Amato v. Bernard*, 618 F.2d 559, 567-68 (9th Cir. 1980)). But none of the cases cited for that proposition at page 65 of Plaintiffs' merits brief is cited in Plaintiffs' rehearing petition. *Compare* Dkt. 50-1, at 65, *with*

3

Pet. 10-14. And those cases are non-ERISA cases applying state contract law, which are inapposite: As UBH has explained (Dkt. 69, at 27), common-law state courts may vary in their "'insist[ence] on strict compliance'" with contractual requirements in different contexts. *Wolff & Munier, Inc. v. Whiting-Turner Contracting Co.*, 946 F.2d 1003, 1009 (2d Cir. 1991). But here, ERISA requires courts to "enforc[e] plan terms as written," *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 108 (2013), and so "federal common law doctrines cannot alter or override clear and unambiguous plan terms," as the panel recognized, Op. 31. Plaintiffs' citation to *Amato* also is inapposite because that case did not involve a contractual exhaustion requirement. Dkt. 69, at 26; *accord* Opp. 15.

Plaintiffs also flagrantly mischaracterize the panel as holding that "no court in the Ninth Circuit can ever again apply the futility exception in any ERISA case," Reply 4—when the panel actually reaffirmed prior cases that "consistently recognized three exceptions to the prudential exhaustion requirement," including "futility," Op. 30. And Plaintiffs bury in a footnote (at 4 n.7) their admission that the futility analysis turns on fact-bound, case-specific findings, making the exhaustion issue largely academic in this case and unworthy of en banc review, Opp. 14-15 (citing Op. 31).

c. In addition, Plaintiffs do not meaningfully contest that they failed to cite any authority or evidence in support of their request for rehearing on the panel's

4

plan-interpretation holding. Reply 4. Instead, they claim that grounds for rehearing cannot be forfeited. Reply 4-5. But that is wrong, *see, e.g.*, *Slovik v. Yates*, 556 F.3d 747, 748-49, 751 n.4, 753 n.6, 756 n.7 (9th Cir. 2009), and the case they cite for their incorrect proposition merely says that *if* en banc rehearing is granted, the Court "'assumes jurisdiction over the entire case,'" *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 995 (9th Cir. 2003) (en banc). *Kyocera* does not authorize the Court to *grant* rehearing where a party has forfeited one ground for rehearing and the other grounds are unworthy of rehearing as well. Plaintiffs' reliance on *Kyocera* also lays bare their real aim here: to obtain rehearing on the panel's fact-bound plan-interpretation ruling by manufacturing circuit conflicts (and making other misleading claims of importance) on the reprocessing and exhaustion issues. This Court normally does not order rehearing en banc to revisit fact-bound holdings that the panel has already thoroughly considered, and it should not do so here.

## CONCLUSION

The federal rules do not provide for reply briefs in support of rehearing petitions, and there is no good reason to make an exception here, particularly when Plaintiffs' proposed reply badly mischaracterizes UBH's arguments and the panel's rulings, raises new arguments, and otherwise rehashes old, failed arguments. Plaintiffs' motion should be denied.

5

| | |
|---|---|
| Dated: April 26, 2023 | Respectfully submitted. |
| | |
| | /s/ Miguel A. Estrada |
| Jennifer S. Romano | Miguel A. Estrada |
| Andrew Holmer | *Counsel of Record* |
| CROWELL & MORING LLP | Geoffrey M. Sigler |
| 515 South Flower Street, 40th Floor | Lucas C. Townsend |
| Los Angeles, CA 90071 | Matthew S. Rozen |
| (213) 622-4750 | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, N.W. |
| April N. Ross | Washington, D.C. 20036 |
| CROWELL & MORING LLP | (202) 955-8500 |
| 1001 Pennsylvania Avenue, N.W. | MEstrada@gibsondunn.com |
| Washington, D.C. 20004 | |
| (202) 624-2500 | |

*Attorneys for Defendant-Appellant United Behavioral Health*

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,169 words. This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

April 26, 2023                              */s/ Miguel A. Estrada*
                                                           Miguel A. Estrada